UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FREDERICK-LAMARR McCLOUD,

    Plaintiff,

v.                                                    Case No. 06-13635

DANIEL R. HURLEY,                                     HONORABLE AVERN COHN
BARBARA L. MCQUADE, GEORGE
CARAH STEEH, and STEVEN D. PEPE,

    Defendants.

_____/

### ORDER OF DISMISSAL

I.

Frederick Lamarr-McCloud (McCloud) has filed a pro se "criminal complaint" against Daniel R. Hurley, an Assistant United States Attorney, Barbara McQuade, an Assistant United States Attorney, George Caram Steeh, a United States District Judge, and Steven D. Pepe, a United States Magistrate Judge. For the reasons that follow, the Court shall dismiss the complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2).

II.

The screening procedures under § 1915 establishes apply to complaints filed by non-prisoners and prisoners. McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir. 1997). Section 1915(e)(2) allows the Court to dismiss a complaint at any time if it determines that the case is frivolous or malicious, that the plaintiff fails to state a claim upon which relief may be granted, or that the complaint seeks relief against a defendant

who is immune from such relief.  A complaint "is frivolous where is lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  A complaint fails to state a claim on which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief."  Brown v. Bargery, 207 F.3d 863, 867 (6th Cir. 2000).

III.

The Court has read the "criminal complaint" as well as the attached "affidavit of probable cause."  It is virtually unintelligible.  What follows is what can be gleaned from McCloud's papers and other court filings.

In 2001, McCloud appeared before Magistrate Judge Pepe for an arraignment, detention hearing, and a preliminary examination on various charges arising out of a bank robbery.  The case was assigned to Judge Steeh.  Assistant United States Attorneys Daniel Hurley and Barbara McQuade prosecuted the case.  McCloud eventually pled guilty to bank robbery, brandishing a firearm during a crime of violence, possession of a destructive device in furtherance of a crime of violence, and being a felon in possession of a firearm.  Following a motion for downward departure, which was granted, he was sentenced in 2003 to two concurrent terms of 60 months for the bank robbery and felon in possession counts, a consecutive term of 7 years for the brandishing of a firearm count, and a 20 year term for possession of a destructive device.  McCloud appealed.  In August of 2005, the Court of Appeals vacated and remanded the case for resentencing.  Resentencing was scheduled for August 16, 2006.

The day before his sentencing hearing, on August 15, 2006, McCloud filed the

instant "criminal complaint" against the above defendants. The complaint contains eighteen counts, alleging the following crimes: (1) fraud, (2) perjury, (3) impersonation, (4) commercial crimes, (5) mail fraud, (6) electronic funds transfer fraud, (7) conspiracy, (8) slavery, (9) violation of public policy house joint resolution, (10) kidnapping, (11) harassment, (12) treason, (13) mixed war, (14) trespass, (15) willful misrepresentation, (16) extortion, (17) civil racketeering, and (18) falsification of public document. He seeks money damages against each defendant under every count, for a total of $4,006,417,000.00.

The "criminal complaint" is subject to dismissal under § 1915(e)(2) for several reasons. First, McCloud seeks monetary relief. Absent an express waiver, the doctrine of sovereign immunity bars claims for monetary relief that are brought against the United States, its agencies or its employees in their official capacity. Ecclesiastical Order of the Ism of Am, Inc. v. Chasin, 845 F.2d 113, 115 (6th Cir. 1988) (per curiam). All of the defendants are federal employees and were presumptively sued in their official capacity because the complaint does not indicate that they were being sued as individuals. See Wells v. Brown, 891 F.2d 591, 592-93 (6th Cir. 1989). Thus, McCloud's claims are barred by the doctrine of sovereign immunity. See Ecclesiastical Order of the Ism of Am, Inc., 845 F.2d at 115-16.

Second, the claims against defendants pertain to official actions taken during McCloud's criminal case and are therefore protected under the doctrine of immunity. See Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976) (prosecutorial immunity); Mireles v. Waco, 502 U.S. 9, 11-12 (1991) (per curiam) (judicial immunity).

Third, to the extent that McCloud is seeking to bring criminal charges against

defendants, his claims fail. See Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) (private citizen lacks standing to initiate criminal proceedings); see also Associated Builders & Contractors v. Perry, 16 F.3d 688, 692-93 (6th Cir. 1994) (private party lacks standing to compel the state to pursue criminal or civil actions).

Accordingly, the complaint is DISMISSED as frivolous under 28 U.S.C. § 1915(e)(2). In light of this disposition, the Court certifies that any appeal also would be frivolous. 28 U.S.C. § 1915(a)(3).

SO ORDERED.

    s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: August 18, 2006

I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, August 18, 2006, by electronic and/or ordinary mail.

    s/Julie Owens
Case Manager, (313) 234-5160